UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| THOMAS L. DRISKILL, SR., et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:10-CV-065 |
| ) | (VARLAN/SHIRLEY) |
| V. ) | |
| ) | |
| GRANT ROSENBERG, et al., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the order of the District Court [Doc. 12] referring Plaintiffs' Motion for Appointment of Counsel [Doc. 11] to this Court for disposition.

This case originates out of an incident between the Plaintiffs and Knox County, who, via a codes-enforcement officer and with the assistance of a vehicle towing company, removed various non-running vehicles from the real property of one or more of the Plaintiffs. The Plaintiffs have, thus far, proceeded *pro se* in this matter. They allege various state law claims, including conversion and vandalism, along with a claim for violation of their constitutional right to due process. In the motion now before the Court, the Plaintiffs request that an attorney be appointed to them, at no cost, because they cannot afford an attorney. [Doc. 11 at 1].

The law regarding appointment of counsel is well-established in this Circuit. The Court of Appeals for the Sixth Circuit summarized the law thoroughly in Lavado v. Keohane, 992 F.2d 601 (6 th Cir. 1993), explaining:

> Appointment of counsel in a civil case is not a constitutional right. Mekdeci v. Merrell National Laboratories, 711 F.2d 1510, 1522 n. 19 (11th Cir. 1983). It is a privilege that is justified only by exceptional circumstances. Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982). Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985). In determining whether "exceptional circumstances" exist, courts have examined "the type of case and the abilities of the plaintiff to represent himself." Archie v. Christian, 812 F.2d 250, 253 (5th Cir. 1987); see also Poindexter v. FBI, 737 F.2d 1173, 1185 (D.C. Cir. 1984). This generally involves a determination of the "complexity of the factual and legal issues involved." Cookish v. Cunningham, 787 F.2d 1, 3 (1st Cir. 1986).

In this case, the Court finds that there are no "exceptional circumstances" that would warrant appointment of counsel. The Complaint [Doc. 2] demonstrates that the facts of the case are straightforward and involve interaction between the Mr. Tom Driskill, Sr., and the Defendants. The Plaintiffs, specifically, Mr. Tom Driskill, are well-versed in the facts at issue, and further, the claims at issue are not complex legal issues.

Based upon the foregoing, the Court finds that the Motion for Appointment of Counsel **[Doc. 11]** is not well-taken, and it will be **DENIED**.[1]

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] Without any comment on the merits of this matter or the Plaintiffs' financial condition, the Court would note that Legal Aid of East Tennessee (865.637.0484) may be able to evaluate whether pro bono legal services could be made available to the Plaintiffs at little or no cost.