UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GENE DRISKILL, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 3:10-CV-65 |
| ) | (VARLAN/SHIRLEY) |
| V. ) | |
| ) | |
| GRANT ROSENBERG, *et al.*, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the order of the District Judge [Doc. 32] referring Plaintiff Tom Driskill, Sr.'s Motion for Reconsideration to Appoint Thomas Driskill, Sr., and Sons an Attorney [Doc. 31] to the undersigned for disposition. [1]

In his motion, the Plaintiff requests that the Court appoint an attorney to represent him in this matter. In support of this request, the Plaintiff describes the attorney supplied to him by Legal Aid, Leslie Muse, whom he states was only willing to assist with an appeal in this matter. [Doc. 31 at 2]. The Plaintiff describes the documents he supplied to Ms. Muse and his and his mother's interactions with Ms. Muse and her office personnel. The Plaintiff notes his dissatisfaction with his Ms. Muse not responding to his phone calls.

---

[1] The motion is written so as to request relief on behalf of Thomas L. Driskill, Jr., and Gene Driskill in addition to Thomas L. Driskill, Sr., but the motion itself is only signed by Thomas L. Driskill, Sr. Thomas Driskill, Sr., is not an attorney, and he can only represent his interests before the Court, not the interests of Gene Driskill or Thomas L. Driskill, Jr. Accordingly, the motion will be interpreted as only containing a request for relief from Thomas L. Driskill, Sr., who the Court will refer to as "the Plaintiff."

The Plaintiff also describes his suspicions that a neighbor has previously aided the police auxiliary and that is why certain complaints the Plaintiff has made to police have been ignored. [Doc. 31 at 5 to 6]. The Plaintiff describes his dissatisfaction with his interactions with the office of Congressman John Duncan, Jr., his dissatisfaction with his interactions with the United States Department of Justice, and his dissatisfaction with his interactions with the office of Senator Lamar Alexander. [Doc. 31 at 7-18]. The Plaintiff also alleges that the Knoxville Mediation Center and the Knox County Law Director's Office have not appropriately responded to the Plaintiff's request for a mediation in this case. [Doc. 31 at 19-21].

Finally, the Plaintiff acknowledges that he has received the Memorandum Opinion entered by District Judge Thomas Varlan, but he states that he has not read the opinion because of the grief it causes him. [Doc. 31 at 22]. The Plaintiff alleges that a conspiracy has been undertaken to deny him justice. [Doc. 31 at 24].

As the Court stated in its Order [Doc. 13] entered June 21, 2010, "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." Lavado v. Keohane, 992 F.2d 601 (6th Cir. 1993) (internal citations omitted). In determining whether exception circumstances exist the Court must consider the complexity of the factual and legal issues involved. Id.

The Court has thoroughly reviewed the Plaintiff's filing, but the Court finds no evidence of extraordinary circumstances nor any evidence of a complex legal or factual issue. While the Court may empathize with the Plaintiff's frustration at his situation, this frustration does not constitute grounds for appointing counsel in this matter.

Further, and more importantly, the Clerk of Court entered a Judgment [Doc. 26] in this case on May 4, 2011. This case is closed. There are no claims pending, and the time for filing a notice of appeal has expired. Thus, there are no pending issues on which an appointed attorney could offer aid in this case.

**IT IS SO ORDERED.**

ENTER:


   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge